## ELMENDORF *v.* SHOTWELL.

In a suit brought by an indorsee of a promissory note, it is sufficient for the plaintiff, in his declaration to say of the defendant that he " then and there indorsed the same to the plaintiff, and the defendant then and there promised the plaintiff, to pay him the amount of the said note according to the tenor and effect thereof, and of the said indorsement." It is not required to prove on the trial, that notice of the transfer was given to the defendant; the allegation of notice to the defendant, is therefore unnecessary.

This was an action brought upon a promissory note, by the indorsee against the indorser. The plaintiff having filed his declaration, the defendant filed thereto, a general demurrer. The question raised is stated in the opinion of the court, delivered by Justice Ryerson.

*Garr*, for plaintiff.

*J. J. Chetwood*, for defendant.

RYERSON, J. In this case the defendant has filed a general demurrer to the plaintiff's declaration, and the plaintiff has joined in demurrer. The matter has been submitted to the court without argument. The declaration itself, seems framed according to principles which were sanctioned in this court, in the case of *Beardsley* v. *Southmayd*, 2 *Green*, 534. The action in *that case* was by the *payee*, and in *this* by the *indorsee* of a promissory note : and the only new question which is raised by the demurrer, respects the allegation of the transfer.

The declaration after alleging in proper form, the delivery of the note to the payee, adds, " who then and there indorsed the same to the plaintiff, and the defendant then and there promised the plaintiff to pay him the amount of the said note, according to the tenor and effect thereof, and the said indorsement." This short method of setting out the transfer of the note, I suppose, has occasioned this demurrer. It is more common in practice, to state *specially* the *contents* and *subscription* of the indorsement, and the *delivery* to the plaintiff. But all this is as well and fully understood (when the indorsement is in common form,) from this brief statement as it would be by any other. Persons who understand the nature of this commercial instrument, and the mode of transferring it, comprehend fully what is meant;

and I cannot perceive the utility of multiplying words, without any elucidation, extension, or restriction of the meaning. This mode of alleging the transfer, is not altogether new. It is to be found in practical books of reputation; though I have no recollection of any case, where it has been formally sanctioned by adjudication.

The declaration also omits the allegation of *notice* to the defendant, of the transfer of the note. But at this day, I do not suppose the court would require any kind of *proof* of such notice. The *allegation* of the fact therefore, is worse than useless.

In my opinion the plaintiff must have judgment.

HORNBLOWER, C. J. and FORD, J. concurred.

*Judgment for plaintiff.*